<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEPHEN LEONARD GUARDINO, JR., <br><br> Plaintiff, <br><br> v. <br><br> STEWART-MARCHMAN ACT BEHAVIORAL HEALTHCARE, <br><br> Defendant. | Case No. 3:20-cv-05136-BRM-DEA <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Stewart-Marchman Act Behavioral Healthcare's ("SMA") Motion to Dismiss Plaintiff *pro se* Stephen Leonard Guardino, Jr.'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  (ECF No. 13.)  Guardino opposed SMA's Motion to Dismiss.  (ECF No. 15.)  SMA filed a Reply.  (ECF No. 16.)  Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Defendant SMA's Motion to Dismiss is **GRANTED**.

**I.   BACKGROUND**

For purposes of this Motion to Dismiss, the Court accepts the factual allegations in Plaintiff's Complaint (ECF No. 1) as true and draws all inferences in the light most favorable to Plaintiff.  *See Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Furthermore, the Court also considers any "document integral to or explicitly relied upon in the complaint." *In re*

*Burlington Coat Factor Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996).

On April 22, 2020, Stephen Guardino, Jr. filed this lawsuit against Stewart-Marchman Act Behavioral Healthcare, n/k/a SMA Healthcare, Inc. (EF No. 1.) SMA is a healthcare facility that provides a broad range of behavioral services in Florida. (*See id.* at 4.) In 1999, Guardino received treatment at SMA. (*Id.*) Guardino states that he was diagnosed with a "brain chemical imbalance," that he was prescribed a neurotoxin, and subsequently, "held physically captive." (*Id.* at 3-4.) Plaintiff states that he suffered "14 years torture and attempted "numerous times tin escape attempts to save [his] life resulting in imprisonments/false imprisonments." (*Id.* at 5.) Plaintiff has "not taken a neurotoxin/poison in 6 years" and he is "6 years now healed." (*Id.*)

Plaintiff alleges that he is entitled to over $100,000,000 as damages for "pain and suffering, false imprisonment, torture, mind altering substances." (*Id.*) Plaintiff is alleging violations of Federal Criminal Statutes 18 U.S.C. 113C, 241, 242, 243 and "Amendments US Constitution 1, 8, 4, others." (*Id*. at 7.) Plaintiff also provides a series of articles annexed to his complaint, the titles of some he has underlined. Those are entitled: "Confessions of a Disease Monger," "Disease Mongering: One of the Hidden Consequences," "There Is No Such Thing As A Psychiatric Disorder/Disease/Chemical Imbalance," "The Newest Mania: Seeing Disease Mongering Everywhere," and "Questionable Advertising of Psychotropic Medications and Disease Mongering." (*Id*. at ECF No. 1-2).

II.   **LEGAL STANDARD**

    A. **Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all

inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286 (citations omitted). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "further factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the

3

mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286 (citations omitted).

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss to a summary judgment motion, including items that are *integral to or explicitly relied upon* in the complaint." *Coulter v. Doerr*, 486 F. App'x 227, 228 (3d Cir. 2012) (citing *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)).

### III.   DECISION

The Court is required to dismiss the complaint "if it 'is frivolous or malicious or fails to state a claim on which relief may be granted.'" *Oneal v. U.S. Federal Probation*, 2006 WL 758301, at *1 (D.N.J, March 22, 2006) (quoting 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)). Guardino's Complaint is three pages long, and includes references to fraud, torture, lobotomy, false imprisonment, sexual dysfunction, and neurotoxins. (*See* ECF No. 1). Interpreted in the most favorable light, Plaintiff's claims are at best incoherent. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Because Guardino's Complaint is barely legible and "tenders 'naked assertions' devoid of 'further factual enhancement,'" it does not clear Rule 8's low bar. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

4

All of plaintiff's claims are criminal allegations that are inapplicable to a civil suit or are indiscernible. Plaintiff's first cause of action reads "18 U.S.C. § 113C torture," however there is no 18 U.S.C. § 113C, only an U.S.C. § 113 that is an assault within maritime and territorial jurisdiction which is inapplicable here. Next, plaintiff alleges violations of 18 U.S.C. §§ 241, 242, and 243. These statutes are purely criminal statutory provisions and do not make available damages in civil action. *See O'Sullivan v. Felix*, 233 U.S. 318 (1914).  Neither 18 USCS §§ 241 nor 242 give rise to civil action for damages or authorize individual to institute criminal proceedings. *Lewis v. Green*, 629 F. Supp. 546 (D.D.C. 1986). Similarly, 18 USCS § 243 is criminal provision which does not provide basis for civil suit. *Quadra v. Superior Court of San Francisco*, 378 F. Supp. 605 (N.D. Cal. 1974). Plaintiff's statutory claims should be dismissed. Plaintiff also alleges violations of the U.S. Constitution including the First, Fourth and Eight Amendments, however, it is unclear—even from a close reading of the Complaint—how these amendments may be implicated.

The Court dismisses Plaintiff's Complaint for failure to state a claim pursuant to § 1915(e). Defendant requests that the Court dismiss this action with prejudice as futile, arguing that Plaintiff's factual contentions are "fanciful, fantastic, irrational, or delusional." (ECF No. 13 at 9.) In situations like these, the Court typically dismisses "the complaint as being frivolous and failing to state a claim on which relief may be granted, but without prejudice and with leave to amend." *Oneal*, 2006 WL 758301, at *1 (D.N.J, March 22, 2006) (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)). Because the Court finds only that Plaintiff's claims are incoherent and out of an abundance of caution, the Court will dismiss without prejudice.

**IV.     CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss the Complaint is **GRANTED.** Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

Date: February 26, 2021

>  */s/ Brian R. Martinotti*
>  **HON. BRIAN R. MARTINOTTI**
>  **UNITED STATES DISTRICT JUDGE**